

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2008

# Hernandez v. York

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4774

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hernandez v. York" (2008). *2008 Decisions.* Paper 638.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/638

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-253                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4774
_____

LUIS A. HERNANDEZ,

Appellant

v.

YORK COUNTY;
WARDEN THOMAS H. HOGAN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01176)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 17, 2008
Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed: August 20, 2008)

_____

OPINION
_____

PER CURIAM

Appellant Luis A. Hernandez appeals pro se from the District Court's order

granting summary judgment in favor of the defendants, Thomas H. Hogan and York County. Because no substantial question is presented, L.A.R. 27.4, we will summarily affirm the District Court's judgment.

We need not repeat the details of Hernandez's claims here as they are well-known to the parties and are summarized in the District Court's memorandum. In brief, Hernandez, a former inmate of York County Prison, filed a complaint against Hogan (the warden of York County Prison) and York County asserting claims arising under the United States Constitution and Pennsylvania law.[1] Hernandez alleged that during his approximately one-month long incarceration, he was placed in the "hole" for twelve days, was allowed only one shower, and was incarcerated for fourteen days before he was permitted to make a telephone call. Hernandez further alleged that he was beaten by correctional officers and sustained injuries to his arms, hands, legs, and shoulders.

Defendants filed a motion to dismiss which the District Court granted in part. The District Court dismissed Hernandez's claims against Hogan pursuant to 42 U.S.C. § 1983 because he failed to allege that Hogan was personally involved with the violation of his rights. Although the District Court provided Hernandez with the opportunity to file an amended complaint, he failed to do so. After filing an answer to the complaint, defendants moved for summary judgment, contending that there was no genuine issue of

[1] It is unclear from the record whether Hernandez was represented by counsel throughout the District Court proceedings. Although his complaint was signed by counsel, other pleadings were signed only by Hernandez himself.

2

material fact with respect to any of Hernandez's claims.[2]  Defendants also filed a Statement of Material Facts attaching two sworn affidavits from corrections officers. Officer Bolding's Affidavit alleged that he helped subdue Hernandez after he became out of control and appeared to be suffering from a psychotic episode.  Bolding stated that Hernandez suffered some minor bruising from the handcuffs placed on him.  Captain Schell's Affidavit alleged that in another incident the next day, he found Hernandez out of control, kicking and running into his medical cell door.  Schell explained that the on-call prison doctor ordered a shot of medication and requested that Hernandez be placed in a four-point restraint.  According to Schell, Hernandez suffered some scrapes and bruises because of his extreme agitation and the need to subdue him.  Hernandez filed a brief in opposition to the defendants' motion for summary judgment, but failed to submit a short, concise statement of material facts in opposition to the defendants' motion, as required by Middle District of Pennsylvania Local Rule 56.1.  Nor did Hernandez submit any affidavits or other forms of evidence in support of his claims.

A Magistrate Judge issued a Report and Recommendation recommending that defendants' motion for summary judgment be granted in part and denied in part.  The

_____

[2]  Defendants' supporting brief further argued that: (1) the York County Prison Board (a non-party), and not York County, was the final policymaker for purposes of liability under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978); (2) there was no evidence of an unlawful custom or policy that would establish liability under § 1983; (3) there were no allegations that Hogan did anything directly or participated in any of the alleged acts forming the basis of the suit; and (4) York County and Hogan were immune from liability under the Pennsylvania Political Subdivision Tort Claims Act.

parties filed objections. The District Court then adopted in part, and rejected in part, the Report and Recommendation, and granted defendants' motion for summary judgment. Because Hernandez failed to controvert any of the material facts set forth by the defendants, the District Court deemed those facts, and the accompanying affidavits, undisputed. The District Court further held that Hernandez had failed to present evidence of an unlawful policy or custom regarding the use of excessive force by York County, or that such a policy or custom was the proximate cause of his injury. The District Court added that, even if defendants' affidavits established that there was a policy regarding the use of force, Hernandez had failed to present any evidence that the use of force was excessive or unlawful in his case. The District Court also entered summary judgment in favor of defendants on Hernandez's First, Fourth, and Fourteenth Amendment claims because Hernandez had failed to present any evidence supporting these claims.

With respect to Hernandez's state law claims, the District Court concluded that York County was entitled to summary judgment because the County was immune under the Pennsylvania Political Subdivision Tort Claims Act (PPSTCA), 42 Pa. Cons. Stat. § 8541, et seq. The District Court further held that Hogan was immune under the Act from Hernandez's claims for negligence, gross negligence, negligent hiring, negligent training, negligent retention, and negligent supervision. 42 Pa. Cons. Stat. § 8545. To the extent Hogan was not protected by immunity for acts of "willful misconduct" under § 8550, the District Court entered summary judgment in favor of Hogan because

4

Hernandez failed to present evidence that Hogan was personally involved with any violations of state law, had the requisite intent, or caused any injury to plaintiff.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over a district court's order of summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).

In order to establish a §1983 civil rights claim, a claimant must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Robb v. City of Philadelphia, 733 F.2d 286, 290-91 (3d Cir. 1984) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). See also Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992) (municipalities are considered "persons" under section 1983).

For essentially the reasons explained by the District Court, summary judgment was properly entered in favor of the defendants. We agree that there was no genuine issue of material fact with respect to any of Hernandez's §1983 claims.[3] The District Court also properly held that, with respect to Hernandez's state law claims, York County was immune from liability under 42 Pa. Cons. Stat. § 8541 and that Hogan was immune under § 8545 for any alleged damages on account of acts he took within the scope of his office

_____

[3]  Like the District Court, we do not reach the issue of whether York County or the York County Prison Board was the final policy maker for purposes of Monell liability.

or duties.  See <u>Sanford v. Stiles</u>, 456 F.3d 298, 315 (3d Cir. 2006) (PPSTCA gives local agencies broad tort immunity and municipal employees are generally immune from liability to the same extent as their employing agency, so long as the act committed was within the scope of the employee's employment); <u>Bright v. Westmoreland County</u>, 443 F.3d 276 (3d Cir. 2006) (discussing the "broad immunity" given local agencies under § 8541 and the immunity of municipal employees under § 8545).[4]  Moreover, the record was devoid of evidence of any willful misconduct by Hogan for purposes of liability under 42 Pa. Cons. Stat.§ 8550.  See <u>Sanford</u>, 456 F.3d at 315 ("willful misconduct is a demanding level of fault").

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.

6

---

[4] <u>Bright</u> also supports the conclusion that the District Court did not abuse its discretion in exercising its supplemental jurisdiction over the remaining state law claims. <u>See id.</u> at 286.